FILED

98 NOV 17 AM 9: 36

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES R. BROMLEY,

    PLAINTIFF,

vs.                                                                 CASE NO. CV 97-J-3011-S

LIBERTY NATIONAL LIFE
INSURANCE COMPANY, et al.,

    DEFENDANTS.

ENTERED
NOV 1 7 1998

## MEMORANDUM OPINION

This case is before this court pursuant to a Memorandum Opinion and Order entered by the Honorable Ira DeMent on November 10, 1997, transferring this matter to the Northern District of Alabama, pursuant to 28 U.S.C. section 1404(a).[1] Currently pending, amongst other motions, are a petition by the plaintiff to remand, a response to that petition filed by the defendant and a motion by the defendant to consolidate with *Battle v. Liberty National Life Insurance Co.*, CV-70-J-752-S.

The plaintiff here originally filed suit in Tallapoosa County, Alabama, against Liberty National Life Insurance on January 14, 1997. The defendant then filed a notice of removal and a motion to transfer this matter to the Northern District of Alabama, which was granted by the Honorable Ira DeMent on November 10, 1997.

In his original complaint filed in the Circuit Court of Tallapoosa County (Case no.

---

[1] Judge DeMent, in his Order, specifically declined to rule on the plaintiff's Petition to Remand, which was filed September 2, 1997. See Memorandum Opinion and Order at 5, 6.

CV-97-05), the plaintiff alleged that he purchased five separate policies of burial insurance from the defendant in the belief that these policies were identical to the policy that was used to bury plaintiff's father in 1947. Plaintiff alleges that on each occasion that he purchased one of these five policies, an agent of the defendant represented to him that the policy was the same as that which was held by the plaintiff's father. Plaintiff further alleges that he learned that the policies he purchased did not provide for the same benefits as the policy held by his father when the plaintiff's wife died in 1995. Based on this set of alleged facts, the plaintiff sued Liberty National Life Insurance, for fraud, breach of contract and misrepresentation.

The defendant states in its notice of removal filed February 24, 1997 (doc. 1), that the plaintiff and his wife would have been included in the class of plaintiffs under *Battle v. Liberty National Life Insurance Company*, CV-70-H-752-S. Clearly, as stated by defendant, the final judgment in *Battle* did clarify and reform the liabilities and obligations of Liberty National, Brown-Service and authorized funeral directors to customers in the case of funerals covered by the burial insurance policies of the defendants. The court finds this to be an accurate synopsis of the *Battle* litigation.

This Court has reviewed the final judgment in *Battle*, CV-70-H-752-S; *Battle v. Liberty National Life Insurance Company*, 770 F.Supp. 1499 (N.D.Ala. 1991); *Battle v. Liberty National Life Insurance Company*, 660 F.Supp 1449 (N.D.Ala.1987); the plaintiff's complaint in this current action as well as numerous other documents contained in both this

2

court file and the court files from other cases either consolidated with the original *Battle* litigation; with motions pending for such consolidation; or with orders from other judges denying consolidation and remanding the cases in its consideration of the defendant's motion to consolidate here.

This court has also considered the matter of this court's subject matter jurisdiction, pursuant to 28 U.S.C. section 1446(c)(4) and section 1447(c). An action is properly removed from state court to federal court if the federal court has federal question jurisdiction pursuant to 28 U.S.C. section 1331 or there exists a diversity of citizenship and the amount in controversy exceeds $75,000.00. See 28 U.S.C. section 1332. A review of the notice of removal shows that the defendant asserts this court has jurisdiction in accordance with the final judgment in *Battle* and pursuant to the provisions of the Anti-Injunction Act, 28 U.S.C. section 2283; the All Writ's Act, 28 U.S.C. section 1651; and 28 U.S.C. section 1331.

After a careful review of the issues involved in this litigation, and the issues in the *Battle* litigation, this court finds no common issues between the two cases. This court finds that the sole issues in this litigation are whether the defendant misled the plaintiff into purchasing a burial policy he did not want. This is unrelated in any way to the questions of anti-trust violations and the "oversale" provisions of the burial policies, which were the issues in dispute in the *Battle* litigation. Succinctly put, the oversales requirement in the final judgment of the original *Battle* litigation provided that in the event that the family of a deceased policy holder chose more expensive merchandise or services than were available

3

under a policy, the funeral director would charge the family for all such funeral benefits, but discount the retail value of the policy. See *Battle*, 770 F.Supp at 1506.[2]

This Court finds instructive the statement in *Battle*, 770 F.Supp at 1519, that "each policyholder's oversale claim was identical in *Battle* ..." Plaintiff here does not allege an oversale, but rather that he was not sold the policies he wanted (complaint of plaintiff at 7). These facts are vastly different from the situation in *Battle*. This court is of the opinion that nothing in a state court determination of the claims raised by the plaintiff here creates any risk of affecting the *Battle* final judgment.

The defendant alleges that plaintiff's cause of action is likely to undermine the final judgment in the *Battle* litigation. As has been argued in numerous previous cases, the defendant argues that the federal courts have continuing jurisdiction over cases that involve issues related to the *Battle* litigation, pursuant to paragraph XXXIII of that final judgment, which stated: "This Court retains jurisdiction of the subject matter and all parties hereto for the purpose of enabling any of the parties to this action to apply to the Court at any time for further orders and directions as may be necessary or appropriate for the construction or implementation of the terms of this Final Judgment." Later, quoting from a March 26, 1985 order of preliminary injunction in *Battle v. Liberty National Life Insurance*, 660 F.Supp.

---

[2] Although that case involved the question of whether the court could enjoin the state court under the Anti-Injunction Act and whether plaintiffs who had the same allegations as the plaintiff policy holders in *Battles* could raise a Rule 60(b) attack on this Court's final judgement due to a lack of notice of that settlement, it contains an excellent synopsis of the underlying *Battle* litigation.

4

1449, 1452 (N.D.Ala.1987), Judge Hancock, the same judge who issued the final judgment in the *Battle* litigation in 1978, stated that if, for whatever reason, there is to be an effort to unravel the settlement, *that effort must be pursued only in the court where the settlement was constructed*...."[3]

However, this court finds that the claims raised by the plaintiff here involve one specific set of allegations: namely not receiving the policies of insurance he wanted. The plaintiff apparently does not argue that he did not get what he paid for under the policy he purchased.[4] Nothing in this set of facts invokes the jurisdiction retained by Paragraph XXXIII of the Final Judgment in the *Battle* litigation. This Court can ascertain no attempt to unravel that settlement.

Therefore based on a consideration of all of the above, this court **ORDERS** that the defendant's motion to consolidate be and hereby is **DENIED**. This court finds that lacking grounds for consolidation with the *Battle* litigation, this court is without jurisdiction pursuant to that final judgment.

Furthermore, neither the Anti-Injunction Act nor the All Writs Act confers jurisdiction

---

[3] In that case, the specific allegations of the plaintiffs involved the oversale provisions of the policy under the 1978 *Battle* final judgment and thus was properly considered under that judgment.

[4] Although defendant states in its Response in Opposition to Motion to Remand, dated September 16, 1997 (doc. 8), that plaintiff contends that the proper benefits have not been paid under these policies, this Court, having reviewed plaintiff's complaint, can find no such allegation.

on this court in the absence of a federal question or diversity of citizenship among the parties. *V.N.A. of Greater Tift County v. Heckler*, 711 F.2d 1020, 1036, n.1 (11thCir. 1983)( "[t]he All Writs Act is not an independent source of jurisdiction. Rather, it empowers the court to issue injunctive orders to preserve potential jurisdiction founded in other provisions. See *FTC v. Dean Foods*, 384 U.S. 597, 603, 86 S.Ct. 1738, 1742, 16 L.Ed.2d 802 (1966); *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1359 n. 19 (5th Cir.1978))." A review of the complaint filed in the state court reveals that no federal question is present and that the parties do not reside in different states.

Therefore, in keeping with the foregoing, this court **FINDS** that the above-entitled action was removed improvidently and that this court is without jurisdiction. Accordingly, the plaintiff's petition to remand is hereby **GRANTED**. This action is **REMANDED** to the Circuit Court of Tallapoosa County. This result is consistent with that reached by the Honorable William M. Acker, Jr., United States District Judge, in *Mohl v. SCI Alabama Funeral Services*, CV 98-AR-1718-S (N.D.Ala.) and this Court's finding of lack of subject matter jurisdiction *Reid v. SCI Alabama Funeral Services Inc.*, CV-97-J-1710-S (N.D.Ala.)

The Clerk is **DIRECTED** to send a copy of this order to the Clerk of the Circuit Court of Tallapoosa County, along with a copy of all pleadings and orders filed after removal.

**DONE** this the ___16___ day of November, 1998.

_____
Inge P. Johnson
United States District Judge

6